# Richmond

CLARENCE JUNIOR WILLIAMS V. COMMONWEALTH OF VIRGINIA.

November 26, 1973.

Record No. 8275.

Present, All the Justices.

*Franklin P. Hall* (*Hall, Hall & Warren*, on brief), for plaintiff in error.

*Robert E. Shepherd, Jr., Assistant Attorney General* (*Andrew P. Miller, Attorney General*, on brief), for defendant in error.

Per Curiam.

The defendant, Clarence Junior Williams, was convicted by a jury of the first degree murder of Elizabeth Thurston, and his punishment was fixed at life in the penitentiary. The trial court approved the verdict and imposed the punishment fixed by the jury. We granted a writ of error limited to consideration of Instruction No. 20, which was worded as follows:

"The Court instructs the jury that if you believe from the evidence beyond a reasonable doubt that Elizabeth Thurston was killed by Clarence Junior Williams while he was committing or attempting to commit robbery then you shall find Clarence Junior Williams guilty of murder in the first degree."

The error relied upon, as stated by the defendant, is as follows:

"The trial Court erred in granting Instruction No. 20, because such instruction was bottomed upon the commission of or attempt at robbery, although there was no evidence before the jury to establish that such a crime had been committed or attempted."

In other words, the sole question to be decided is whether the evidence was sufficient to support the granting of Instruction No. 20. We hold that the evidence was sufficient.

The record discloses that the victim, Mrs. Thurston, resided alone in an apartment at 1610 Grove Avenue in the City of Richmond. On the morning of May 4, 1972, her body was discovered in one of the bedrooms of her apartment. A knotted scarf was around her neck, and her hands were tied behind her back with a lampcord. Medical evidence showed that she had died of suffocation, defined as "obstruction of the airway from without," and that she had been dead "about a week, give or take a couple of days either way."

A pane of glass in the door of Mrs. Thurston's apartment had been broken and a bolt and chain lock on the inside of the door had been forced from the outside. The apartment had been ransacked. Dresser drawers were open and their contents disarrayed, items of mail and personal property were strewn about the premises, and the telephone "had been jerked out of the wall." Mrs. Thurston's purse was found with its contents emptied onto a sofa. A search of the apartment by the police revealed no money or other valuables present.

The police found on a sofa an envelope addressed to a Mrs. Lee Phifer at an address different from that of Mrs. Thurston. The envelope bore the fingerprint of the defendant. Mrs. Phifer testified that she did not know the defendant and that he did not have permission to have her mail. Other evidence showed that the defendant, about the time of Mrs. Thurston's murder, was in possession of her automobile, which he operated with a key. He told conflicting stories of how he acquired possession of the vehicle and the key.

The defendant admitted to the police that he had been in Mrs. Thurston's apartment near the time of her murder. He said that he had been asked by some unidentified person "to carry some boxes from the basement to the woman's apartment." He claimed that the door to the apartment was unlocked and that the premises had already been ransacked when he entered. He denied seeing Mrs. Thurston's body while he was there.

The jury's verdict established that it was the defendant who killed Mrs. Thurston. From the evidence, the jury was justified in finding that she had been trussed up and murdered concurrently with the taking of or the attempt to take, from her person or in her presence, her automobile key and other personal property belonging to her. *See Durham* v. *Commonwealth*, 214 Va. 166, 169, 198 S.E.2d 603, 606 (1973). Hence, the jury could conclude that the killing occurred while the defendant "was committing or attempting to commit robbery," in the words of Instruction No. 20, here in dispute. Under Code § 18.1-21, such a killing is murder of the first degree. It was not error, therefore, to grant Instruction No. 20.

The judgment of the trial court will be affirmed.

*Affirmed.*