## CIRCUIT COURT OF THE CITY OF NORFOLK

Joseph Hunter Beaman

v.

Pacific Mutual Life Insurance Co.

March 8, 1985

Case No. (Law) L-84-1104

By JUDGE JOHN W. WINSTON

Pacific Mutual asserts that Mr. Beaman's Amended Motion for Judgment as pled states no valid causes of action against it. This court agrees in part.

Beaman alleges that under the terms of his insurance contract he is entitled to be paid the sum of $200 a month while he is totally disabled and that no such monthly payments have been paid him since before May 1971 despite proof of total disability timely presented to Pacific Mutual. He therefore claims $32,800 due and owing now for breach of contract, which figure is the total of the $200 payments due for each month between May 1971 and June 1984 when this suit was filed.

Pacific Mutual says this claim is time-barred because the five year statute of limitations has run. Virginia Code § 8.01-246. Since a new cause of action for $200 arises each month that such payment is

not paid, Pacific Mutual's position is sound as to any claim for monthly benefits due more than five years before this suit was filed. But Mr. Beaman is not barred by the statute from now asserting any such breach of contract claim for payments due less than five years prior to this suit, for his claim is an ongoing one, accruing every month, and conceivably could accrue every month in the future for the rest of his life. Thus Pacific Mutual's assertion of the statute of limitations defense is sound but only as to contract claims already over five years old.

Pacific Mutual has also demurred to the remaining counts of Beaman's Amended Motion for Judgment.

Count Two alleges that Pacific Mutual wrongfully, fraudulently, oppressively, with malice and in bad faith refused to make these monthly payments to Beaman, made an insufficient and negligent inquiry into his claim, and intentionally disregarded the facts as to the claim of which it was aware. Beaman seeks, "in addition to the compensatory damages incurred," punitive damages. These allegations do not amount to the assertion of an independent wilful tort as required by the law set out in *Kamlar Corp.* v. *Haley*, 224 Va. 699 (1983). Rather such allegations attempt to add to a breach of contract claim a punitive damage award because of bad motives. For that reason the demurrer to Count Two is sustained without leave to amend.

Count Three alleges that Pacific Mutual wrongfully and oppressively refused to make the payments due with bad faith, which refusal constitutes a wilful and intentional infliction of emotional distress upon Beaman, causing anxiety and mental anguish. Beaman seeks, "in addition to the compensatory damages claimed," punitive damages. A valid cause of action exists for the emotional distress caused Beaman, even in the absence of any physical injury, this being a contract case. *Womack* v. *Eldridge*, 214 Va. 338 (1974). (*Hughes* v. *Moore*, 214 Va. 27 (1973), is not to the contrary.) Further, while the strict proof required of Beaman by *Womack* will be adhered to at trial, the allegations made in Count Three are sufficiently stated to survive the demurrer. But the "compensatory damages" sought there appear to be the same $32,800 earlier claimed under the contract and nothing more. If Beaman wishes only to claim punitive damages for

emotional distress, he should so state. If not he should assert a separate claim for compensatory damages. For that reason the demurrer to Count Three will be sustained with right to amend within ten days of the order.

Count Four alleges that Pacific Mutual's refusal to pay monthly benefits constitutes a general business practice to commit each of the acts forbidden in Virginia Code § 38.1-52.9 (Unfair Trade Practices). Because of such practice in violation of the Code he seeks, "in addition to the compensatory damages incurred," punitive damages. Pacific Mutual demurs, arguing that these Code sections do not authorize a new private cause of action in addition to sanctions and cease and desist orders imposed by the State Corporation Commission. This court agrees.

Violation of a statute imposing a penalty may also result in the recovery of private damages but not if the statutory penalty is clearly in lieu of such damages. Virginia Code § 8.01-221 creates no new cause of action, only preserves existing ones.

The Unfair Trade Practices Act (Code §§ 38.1-49 et seq.) among other things forbids bad faith settlement procedures when they are committed or performed "with such frequency as to indicate a general business practice." This specific limitation can only mean that one or even several isolated instances of bad faith do not constitute a statutory violation allowing damages. Thus the statute does not address itself to the rights of a single policyholder to recover damages from his carrier. Rather it seeks on behalf of policyholders as a group to control and weed out licensed insurance companies who fail to meet a required overall standard of conduct. Furthermore, Code § 38.1-57 provides that the powers so vested in the Commission are *in addition to* any other powers to enforce penalties, fines, or forfeitures with respect to unfair or deceptive methods, acts and practices. And Code Section 38.1-57.1 provides that any Commission order does not relieve or absolve the erring carrier from any liability *under any other laws of the Commonwealth.* Again these statutes create no new private causes of action, only preserve existing ones, if any. For these reasons the demurrer to Count Four will be sustained without leave to amend.